ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
The State of Ohio brings this appeal pursuant to R.C. 2945.67(A) and challenges the order of the trial court which dismissed the indictment for escape issued against defendant Anita McCornell. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
On March 2, 2000, defendant was indicted for one count of escape. On May 26, 2000, defendant filed a motion to dismiss the indictment, asserting that the escape charge was issued in connection with defendant's violation for the terms of post-release control and that R.C. 2967.28, the statute authorizing post-release control, is unconstitutional. Specifically, defendant asserted that R.C. 2967.28
violates the separation of powers doctrine and the Due Process Clauses of the United States and Ohio Constitutions. On June 9, 2000, the trial court held a hearing on the motion and determined that it was well-taken pursuant to State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, and Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported. The state now appeals and assigns a single error for our review.
For its assignment of error, the State of Ohio notes that subsequent to the trial court's decision, the Supreme Court reversed both State v. Jones, supra, and Woods v. Telb, supra, and therefore rejected the contentions that R.C. 2967.28, the statute authorizing post-release control, is unconstitutional. The state's assignment of error is meritorious.
On August 3, 2000, the Supreme Court reversed both Woods v. Telb, supra, and State v. Jones, supra. The Supreme Court determined that R.C.2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions. See Woods v. Telb (2000), 89 Ohio St.3d 504, and State v. Jones (2000),89 Ohio St.3d 519. Additionally, this Court has determined that the post-release control sanction is not a criminal punishment and does not bar subsequent prosecution for escape. See State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374.
Accordingly, we reverse the judgment of the trial court which dismissed the indictment issued herein and we remand this matter for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND JAMES J. SWEENEY, J., CONCUR